**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

| | | |
|---|---|---|
| **DONALD ALAN DOUGLAS, Individually, And as PERSONAL REPRESENTATIVE of THE ESTATE OF KATHY W. DOUGLAS, DECEASED, and on behalf of the Wrongful Death Beneficiaries** | * * * * * * | |
| **Plaintiff,** | * * | **CIVIL ACTION NO.:** |
| **QUAPAW BATHS, LLC d/b/a Quapaw Baths & Spa; SID KENNEDY** | * * * * | |
| **Defendants.** | * | |

---

**COMPLAINT**

---

COMES NOW the Plaintiff, Donald Alan Douglas, Individually, and as Personal Representative of the Estate of Kathy W. Douglas, Deceased, and on behalf of the Wrongful Death Beneficiaries, and files this complaint against Defendants, QUAPAW BATHS, LLC d/b/a Quapaw Baths & Spa, which is believed to own and/or manage and/or operate Quapaw Baths & Spa, and Sid Kennedy, maintenance manager of the water system at Quapaw Baths & Spa by stating as follows:

**I. INTRODUCTION**

1. This wrongful death lawsuit arises from Kathy Douglas trusting and relying on Defendants to provide a safe, contaminated-free environment as she patronized Quapaw Baths & Spa. Defendants did not provide such an environment, and as a result, Kathy Douglas contracted Legionnaire's disease and died on or about July 2, 2019. Her husband, Donald Alan Douglas, being

duly appointed as Personal Representative, brings this wrongful death lawsuit against the Defendants pursuant to Arkansas law seeking remedy for the damages suffered by him, the Wrongful Death beneficiaries, and Kathy Douglas as a result of this unreasonably dangerous environment.

## II. PARTIES

2. Kathy Douglas, Deceased, was a resident of Madison County, Mississippi, when she died on July 2, 2019, as a direct and proximate result of the Defendants' negligence as set forth in detail below.

3. The Plaintiff, Donald Alan Douglas, is over the age of eighteen (18) years and is a resident of Madison County, Mississippi.

4. Donald Alan Douglas is the Administrator of the Estate of Kathy Douglas, Deceased, having been duly appointed by the Chancery Court of Madison County, Mississippi, Case number 2020-422-B on or about May 20,2020. Please see Exhibit 1 – Order Opening Estate and Appointing Administrator and Exhibit 2 – Letters of Administration.

5. Donald Alan Douglas brings this action on behalf of the Estate of Kathy Douglas, Deceased, and the wrongful death beneficiaries of Kathy Douglas, Deceased, pursuant to common law of the state of Arkansas, the Arkansas Survival of Actions Act, the Arkansas Wrongful Death Act, and other applicable laws for premises liability, ordinary negligence, and wrongful death by defendants.

6. The known wrongful death beneficiaries of Kathy Douglas, Deceased, pursuant to Arkansas Code Annotated §16-62-102(d) are: (1) Donald Alan Douglas, husband; (2) Amanda Douglas Summerlin, adult daughter; and (3) Leslie Douglas Knight, adult daughter.

7. Donald Alan Douglas resides at 104 Coachman Road, Madison, MS 39110.

8. Amanda Douglas Summerlin resides at 109 Bassett Lane, Madison, MS 39110.

9. Leslie Douglas Knight resides at 214 Fairway Lane, Madison, MS 39110.

10. Defendant, Quapaw Baths, LLC d/b/a Quapaw Baths & Spa, is a for-profit limited liability company organized under the laws of Arkansas with its principal place of business also in Arkansas.

11. At all times pertinent to this Complaint, Quapaw Baths, LLC was and is in the business of housing patrons for spa services and other services and does business in Garland County, Arkansas through Quapaw Baths & Spa located at 413 Central Avenue, Hot Springs National Park, Arkansas 71901.

12. Quapaw Baths, LLC may be served with process in this action by delivering summons and a copy of this complaint with process to its registered agent for service, which is Anthony Taylor.

13. Sid Kennedy is that certain person who had the responsibility of the management and maintenance of the water system at Quapaw Baths & Spa which made the basis of this suit.

14. Upon information and belief, Sid Kennedy is a resident of Garland County, Arkansas.

**III. JURISDICTION AND VENUE**

15. Pursuant to 28 U.S.C. § 1332(d), complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, giving this Court subject matter jurisdiction over this action.

16. Defendants are subject to personal jurisdiction in this matter now before this Court as they are residents of Arkansas.

17. This venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of

the events or omissions giving rise to the claims occurred in Hot Springs, Arkansas.

## IV. STATEMENT OF FACTS

18.     On or about June 12, 2019, Kathy W. Douglas visited Quapaw Baths & Spa and used one of the bath houses wherein she immersed herself in a bath filled with thermal waters that were circulated by a whirlpool type jet causing aerosolized water to be emitted from the bath into the air.

19.     Mrs. Douglas was exposed to Legionella bacteria while in the bath house and developed Legionnaire's Disease as a result of using the bath house and being around and in the bath filled with thermal waters that contained legionella bacteria.

20.     Legionella bacteria is a waterborne bacterium that is contracted through breathing in aerosolized water droplets containing the bacteria.  It can become a health concern when it grows and spreads in human-made building water systems like showerheads and sink faucets, hot tubs, spas, bath houses and large plumbing systems. Legionella bacteria can cause a serious type of pneumonia called Legionnaire's disease.

21.     Mrs. Douglas began feeling ill on or around June 22, 2019 with malaise, sore throat, cough, and a high fever.  Mrs. Douglas was evaluated on June 23, 2019 at Madison Main Street Primary Care by a nurse practitioner for fatigue, congestion, coughing, headaches, sinus pressure and sore throat, and given antibiotics along with other medication.  Mrs. Douglas took the antibiotics, but she did not get any better and went back to see a nurse practitioner at Madison Main Street Primary Care on June 26th due to increasing shortness of breath, decreased oxygen saturation and tachycardia.  Mrs. Douglas was sent directly from Madison Main Street Primary Care by ambulance to the Emergency Room at Baptist Memorial Hospital in Madison, Mississippi on June 26, 2019. Mrs. Douglas remained hospitalized from June 26, 2019 to July 2, 2019.  Mrs.

Douglas tested positive for legionella bacteria while in the hospital and continued to experience symptoms of legionella pneumonia while in the hospital.

22.  Mrs. Douglas passed away in the hospital on July 2, 2019 from complications of legionella pneumonia including hypoxic respiratory distress syndrome.  Mrs. Douglas suffered serious physical injuries as a direct and subsequent result of her infection from the legionella bacteria that she was exposed to on June 12, 2019, when she got in the bath house at Quapaw Baths & Spa in Hot Springs, Arkansas.

23.  According to the Centers for Disease Control (CDC) records, since July 2018 there have been five cases of legionella pneumonia, including Mrs. Douglas, where the exposure occurred at Hot Springs National Park, and the exposure in three of the cases, including Mrs. Douglas, occurred at Quapaw Baths & Spa.  The Arkansas Department of Public Health began investigating the Quapaw Baths & Spa in 2018 after receiving reports of an outbreak of Legionnaire's disease.  The Quapaw Baths & Spa closed for several days in August 2019 after test results showed the presence of legionella bacteria in their water system, and results of testing performed on the water system in September and October 2019 were also positive for legionella bacteria.

## V. CAUSES OF ACTION

### A. COUNT ONE: NEGLIGENCE AND/OR WANTONNESS OF QUAPAW BATHS, LLC, AND SID KENNEDY

24.  Plaintiff realleges all the allegations in the foregoing paragraphs as if fully set forth herein.

25.  On or about June 12, 2019, at the Quapaw Baths & Spa in Hot Springs, Arkansas, Quapaw Baths, LLC, and Sid Kennedy, singularly, willfully, recklessly, wantonly, or negligently

operated, treated, maintained and tested the Quapaw Baths & Spa in such a manner as to allow legionella bacteria to grow in their bath houses which caused and/or contributed to the medical conditions described earlier suffered by Mrs. Douglas, resulting in her death. Sid Kennedy is an agent, servant, representative of Quapaw Baths, LLC. Quapaw Baths, LLC, and Sid Kennedy are sought to be held liable both directly and under the doctrine of respondeat superior.

26. As a proximate result of the willfulness, recklessness, wantonness, or negligence of the defendant, Quapaw Baths, LLC, and Sid Kennedy as aforesaid, Mrs. Douglas suffered serious medical complications from legionella pneumonia resulting in her death. Plaintiff further avers that the conduct of Sid Kennedy combined and concurred with the actions of Quapaw Baths, LLC, to cause the serious medical conditions to Mrs. Douglas resulting in her death.

WHEREFORE, Plaintiff, Donald Alan Douglas, demands judgment against Defendant Quapaw Baths, LLC and Sid Kennedy, for compensatory and punitive damages in an amount to be determined by the jury.

**B. COUNT TWO: NEGLIGENT/WANTON HIRING**

27. Plaintiff realleges all the allegations in the foregoing paragraphs as if fully set forth herein.

28. The Defendant Quapaw Baths, LLC owes a duty to the public to keep the water at its facility free from legionella bacteria by hiring a competent individual with an appropriate background and credentials who will adequately maintain, test and monitor the water system at Quapaw Baths & Spa.

29. The Defendant, Quapaw Baths, LLC, breached its duty when it negligently and/or wantonly hired Sid Kennedy in that Quapaw Baths, LLC, failed to do a proper evaluation, conduct a proper interview, or undertake a proper background check on Sid Kennedy to determine whether

he was knowledgeable or qualified to safely maintain, treat, and test the water system at Quapaw Baths & Spa to prevent the growth of legionella bacteria prior to his employment with Quapaw Baths, LLC.

30. As a direct result of the negligence and/or wantonness of Quapaw Baths, LLC, in hiring Sid Kennedy, the baths that Mrs. Douglas visited on June 12, 2019, at Quapaw Baths & Spa were not adequately maintained, treated, and/or tested for legionella bacteria, resulting in the growth of the bacteria and the subsequent infection of Mrs. Douglas with the legionella bacteria resulting in her getting legionnaire's disease which caused her death.

31. Specifically, on or about June 12, 2019, Sid Kennedy, working within the line and scope of his employment as an employee/servant/agent and/or representative of the Defendant, Quapaw Baths, LLC, negligently and/or wantonly allowed conditions to exist in the water system at Quapaw Baths & Spa that allowed legionella bacteria to grow and infect Mrs. Douglas resulting in severe physical and emotional pain and mental anguish, and ultimately her death.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Quapaw Baths, LLC, and Sid Kennedy for compensatory and punitive damages in an amount to be determined by a jury.

## C. COUNT THREE: NEGLIGENT RETENTION

20. Plaintiff realleges all the allegations in the foregoing paragraphs as if fully set forth herein.

21. The Defendant Quapaw Baths, LLC, had a duty to ensure that Sid Kennedy was properly maintaining, treating and testing the water system at Quapaw Baths & Spa in order to prevent the growth of legionella bacteria and to take proper action if Mr. Kennedy was not properly maintaining, treating and testing the water system at Quapaw Baths & Spa to prevent the growth of legionella bacteria.

22. The Defendant's Quapaw Baths, LLC, hired Sid Kennedy, and negligently and/or wantonly retained him, even though he was not properly maintaining, treating and testing the water system at Quapaw Baths & Spa to prevent the growth of legionella bacteria.

23. As a direct result of this negligent and/or wanton retention of Sid Kennedy, legionella bacteria was allowed to grow in the water system at Quapaw Baths & Spa which resulted in Mrs. Douglas being exposed to legionella bacteria and contracting legionella pneumonia, resulting in severe physical and emotional pain and mental anguish, and ultimately her death.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Quapaw Baths, LLC and Sid Kennedy for compensatory and punitive damages in an amount to be determined by the jury.

**D. COUNT FOUR: NEGLIGENT/WANTON SUPERVISION**

24. Plaintiff realleges all the allegations in the foregoing paragraphs as if fully set forth herein.

25. The Defendant, Quapaw Baths, LLC had a duty to adequately supervise its employee, Sid Kennedy, to ensure that the water system at Quapaw Baths & Spa was adequately maintained, tested, and treated to prevent the growth of legionella bacteria.

26. The Defendant Quapaw Baths, LLC, failed to adequately supervise its employee, Sid Kennedy, which resulted in the failure of Sid Kennedy to adequately maintain, test, and treat the water system at Quapaw Baths & Spa which resulted in the growth of legionella bacteria in the water system at Quapaw Baths & Spa.

27. As a direct result of this negligence and/or wanton supervision of Sid Kennedy, Quapaw Baths, LLC, negligently and/or wantonly allowed legionella bacteria to grow in the water system at Quapaw Baths & Spa which resulted in Mrs. Douglas being exposed to legionella bacteria and contracting legionella pneumonia, resulting in severe physical and emotional pain and

mental anguish, and ultimately her death.

WHEREFORE, the Plaintiff demands judgment against the Defendants, Quapaw Baths, LLC and Sid Kennedy for compensatory and punitive damages in an amount to be determined by a jury.

**E. COUNT FIVE – PREMISES LIABILITY**

28. Plaintiff realleges all the allegations in the foregoing paragraphs as if fully set forth herein.

29. Defendant Quapaw Baths, LLC has a legal, non-delegable duty to the general public, customers, and invitees, including Plaintiffs, to inspect and maintain the Quapaw Bath & Spa premises and attractions in a reasonably safe condition.

30. Quapaw Baths, LLC has a non-delegable duty to develop proper policies, procedures and safety plan for the purpose of ensuring a reasonably safe condition for foreseeable users of its premises and attractions, including its customers, invitees and the general public, particularly Plaintiffs.

31. Quapaw Baths, LLC has a further, non-delegable duty to ensure that their managers, supervisors, inspectors, employees, servants, representatives, and agents are properly trained in and comply with the aforementioned policies and procedures, and that their managers, supervisors, employees, servants, representatives, and agents are properly supervised to ensure compliance with established and accepted safety guidelines.

32. Quapaw Baths, LLC has a non-delegable duty to hire, train, and supervise their managers, supervisors, employees, servants, representatives, and agents such that their customers and guests are ensured of competent and reasonable efforts to inspect the attractions and maintain the attractions in a reasonably safe condition.

33. Quapaw Baths, LLC has a legal, non-delegable duty to comply with all laws and governing regulations concerning maintenance, safety, and repair of its premises and attractions.

34. It is foreseeable to Quapaw Baths, LLC, and their officers, directors, managers, supervisors, inspectors, employees, servants, representatives, and agents, that the presence of the Legionella bacteria which can be transmitted in its pools creates a safety hazard that poses an unreasonable risk of injury to its customers.

35. It is foreseeable to Quapaw Baths, LLC, and their officers, directors, managers, supervisors, inspectors, employees, servants, representatives, and agents, that the presence of the Legionella bacteria which can be transmitted in its pools, without a proper warning creates a safety hazard that poses an unreasonable risk of injury to its customers.

36. It is foreseeable to Quapaw Baths, LLC and their officers, directors, managers, supervisors, employees, servants, representatives, and agents, that the creation of the aforementioned safety hazard is likely to cause serious injury to its customers, and the general public is reasonably likely to encounter the hazard.

37. It is foreseeable to Quapaw Baths, LLC and their officers, directors, managers, supervisors, employees, servants, representatives and agents, that the creation of the aforementioned safety hazard is likely to cause serious injury to its customers, and the general public is reasonably likely to encounter the hazard.

38. It was foreseeable to Quapaw Baths, LLC and their officers, directors, managers, supervisors, employees, servants, representatives, and agents, that the aforementioned safety hazard was unlikely to be appreciated or discerned by the Plaintiffs who were using the bathhouse pursuant to all instructions given to them.

39. Quapaw Baths, LLC owed their customers and business patrons, including

Plaintiffs, a non-delegable duty to maintain its premises in a reasonably safe condition by remedy or removal of the safety hazard directly created by the usage of Defendant's bathhouse.

40. Quapaw Baths, LLC owed their customers and business patrons, including Plaintiffs, a non-delegable duty, to warn of safety hazards created by its operations that result in unreasonably dangerous conditions the Plaintiffs are reasonably likely to encounter and reasonably unlikely to appreciate or discern as hazardous.

41. Quapaw Baths, LLC breached all of the aforementioned duties by:

a. Failing to inspect and maintain a reasonably safe premises for Plaintiffs;

b. Failing to develop policies, procedures, and a safety plan to help ensure a reasonably safe premises for Plaintiffs;

c. Failing to ensure that its officers, directors, managers, supervisors, inspectors, employees, servants, representatives, and agents are trained in and comply with the aforementioned policies, procedures and premises safety plan;

d. Failing to ensure that its managers, supervisors, employees, servants, representatives, and agents are properly supervised in compliance with the aforementioned policies, procedures and premises safety plan;

e. Failing to hire, train, and supervise its officers, directors, managers, supervisors, inspectors, employees, servants, representatives, and agents such that the Plaintiffs were ensured of competent and reasonable efforts to supervise, inspect and maintain the premises in a reasonably safe condition;

f. Failing to comply with all laws and industry standards concerning maintenance, safety of its bathhouse;

g. Failing to "make safe" the hidden and unreasonably dangerous condition created by its operations by either remedy or removal of the safety hazard by which Kathy Douglas was killed; and

h. Failing to warn Plaintiff of the safety hazard and resultant unsafe and unreasonably dangerous condition directly created by its housekeeping operations.

42. Quapaw Baths, LLC's breach of the direct, affirmative and non-delegable duties,

as described above, were the actual and proximate cause of injuries to Plaintiffs and the resulting serious and permanent damages including wrongful death for which Plaintiffs seek compensation in excess of the amount required for federal diversity jurisdiction.

## VI. CAUSATION OF THE LIFE-ALTERING CATASTROPHIC INJURIES AND WRONGFUL DEATH DAMAGES TO KATHY DOUGLAS AND THE WRONGFUL DEATH BENEFICIARIES

43. Plaintiff realleges all the allegations in the foregoing paragraphs as if fully set forth herein.

44. The injuries and damages sustained by Kathy Douglas and Plaintiff individually and on behalf of the Wrongful Death Beneficiaries more particularly described below, were produced in a natural and continuous sequence from Defendants' violations of one or more of the above-described independent duties to use ordinary care for the safety of Kathy Douglas.

45. The injuries and damages sustained by Kathy Douglas and Plaintiff individually and on behalf of the Wrongful Death Beneficiaries were a probable consequence from Defendants' violations of one or more of the above-described independent duties to use ordinary care for the safety of Kathy Douglas.

46. Defendants should have foreseen and anticipated that a violation of one or more of the above-described independent duties to use ordinary care and follow the safety rules would constitute an appreciable risk of harm to others, including Kathy Douglas.

47. If Defendants had not violated one or more of the above-described independent duties to use ordinary care and to follow the safety rules for the safety of Kathy Douglas, then the life-altering and catastrophic injuries and wrongful death damages to Kathy Douglas and Plaintiff individually and on behalf of the Wrongful Death Beneficiaries, would not have occurred

48. Defendant's Quapaw Baths, LLC, and Sid Kennedy's negligence and/or wantonness, as aforementioned, caused the death of Mrs. Douglas. As a consequence of Mrs. Douglas' death, her husband, Donald Alan Douglas, suffered pain, grief, sorrow, stress, shock, and mental anguish.

49. As a further consequence of Defendant's, Quapaw Baths, LLC and Sid Kennedy's negligence and/or wantonness, Donald Alan Douglas has incurred the loss of love, affection, companionship, care, protection, and guidance since the death of Mrs. Douglas.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Quapaw Baths, LLC and Sid Kennedy for pecuniary injuries and punitive damages, in an amount to be determined by a jury.

## VII. DAMAGES

50. Plaintiff realleges all the allegations in the foregoing paragraphs as fully set forth herein.

51. Certain of the acts described herein occurred during the lifetime of Mrs. Douglas, prior to her death, and, therefore, Plaintiff asserts a cause of action and claim for damages on behalf of the estate, and on behalf of the heirs at law of the estate, for the survival claims that arose by reason of the misconduct of the Defendants during the lifetime of Mrs. Douglas, prior to her death

52. Damages sought are those that accrued and were available to Mrs. Douglas at the time of her death, and pass to the Plaintiff, pursuant to the survival statutes of the State of Arkansas.

53. Donald Alan Douglas, as Personal Representative of the Estate of Kathy Douglas, Deceased, is entitled to recover compensation for the Estate's survivorship claims for injuries and damages suffered by the decedent, Kathy Douglas, as a result of Defendants' breach of the duty of ordinary care. Such damages include, but are not limited to, the following elements of damages:

    a. The value of Kathy Douglas's loss of life;

    b. Conscious pain and suffering experienced in the past until Kathy Douglas's death;

    c. The value of funeral and burial expenses; and

    d. Medical expenses incurred in the past and transportation expenses to obtain such medical treatment until Kathy Douglas's death.

54. Donald Alan Douglas, as Personal Representative of the Estate of Kathy Douglas, Deceased, represents the Estate of the Deceased and also the decedent's statutory class of wrongful death beneficiaries, and is entitled to recover the following elements of wrongful death damages:

    a. Pecuniary injuries, including but not limited to, loss of the value of Kathy Douglas's life; loss of future earnings, and the present value of the loss of earning capacity in the future; the loss of future services to be tendered by her for the companionship as well as all other damages to which the estate may be entitled as to be determined by a jury, sustained by the wrongful death statutory beneficiaries; and

    b. Significant mental anguish and grief sustained in the past and reasonably probable to be sustained in the future associated by the loss of their loved one by the statutory beneficiaries.

## VIII. AMOUNT OF DAMAGES

55. Plaintiff realleges all the allegations in the foregoing paragraphs as fully set forth herein.

56. The damages alleged in this case are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases, for which Plaintiff should be awarded a judgment as against Defendants in an amount to fully and fairly compensate Plaintiff and the Wrongful Death Beneficiaries for each and every element of damages that has been suffered.

## IX. PUNITIVE DAMAGES

57. Plaintiff realleges all the allegations in the foregoing paragraphs as fully set forth herein.

58.     Plaintiff is entitled to recover punitive damages in accordance with Arkansas law, based upon Defendants' complete indifference to and conscious disregard for the safety of Kathy Douglas, and others, causing or contributing to catastrophic and permanent injuries including death. Defendants' wanton and reckless acts and omissions occurred under circumstances where their conduct, in total disregard of the consequences, would naturally and probably result in injury or damages to Plaintiff, Kathy Douglas, Deceased, and the Wrongful Death Beneficiaries. Defendants knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in catastrophic and serious injury, and they continued this conduct with malice and wanton and reckless disregard for the consequences of its actions for which punitive damages should be awarded.

59.     In addition to actual, special, consequential and compensatory damages, Plaintiff demands a judgment against Defendants for punitive damages in an amount necessary and sufficient to deter Defendants from the above-described conduct and to punish Defendants for its willful, wanton, gross, flagrant, reckless, outrageous, and egregious conduct.

## X. DEMAND FOR JURY TRIAL

60.     Plaintiff realleges all the allegations in the foregoing paragraphs as fully set forth herein.

61.     Plaintiff demands a jury trial for all issues of fact presented by this action.

## XI. RESERVATION OF ADDITIONAL CLAIMS

62.     Plaintiff realleges all the allegations in the foregoing paragraphs as fully set forth herein.

63.     Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff prays that after a jury trial of this action that he be awarded the following:

A. A judgment against Defendants in such an amount that will fully and fairly compensate Plaintiff and the Wrongful Death Beneficiaries for all of the above-described damages and in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases;

B. A judgment and verdict against Defendants awarding exemplar or punitive damages as permitted by law;

C. All costs expended herein including attorneys' fees and any expert costs and fees as permitted by law;

D. A pre- and post-judgment interest award against Defendants to compensate for loss of money and to the extent of and for the reasons permitted by law; and

E. All other proper relief to which she may be entitled in the premises.

Respectfully submitted this 18th day of February, 2021.

Joseph Gates
**Gates Law Firm, PLLC**
8201 Ranch Blvd, Suite B-1, Office #2
Little Rock, AR 72223
T: (501) 779 8091
Gates@GatesLawPLLC.com

Kerrie W. Boyle
Greg Haddad
**Bailey & Glasser, LLP**
6 Canyon Road, Suite 200
Morgantown, WV 26508
T: 304-594-0087
kboyle@baileyglasser.com
GHaddad@baileyglasser.com

(*pro hac* pending)

Mr. M. Todd Wheeles
Ms. Emily Hornsby
**Morris Hayne, Attorneys at Law**
3500 Colonnade Parkway, Suite 100

Birmingham, AL 35243
T: 205-324-4008
twheeles@mhhlaw.net
ehornsby@mhhlaw.net

(*pro hac* pending)

*Counsel for Plaintiff*