IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DONALD ALAN DOUGLAS, Individually,
and as PERSONAL REPRESNTATIVE of
THE ESTATE OF KATHY W. DOUGLAS, DECEASED,
and on behalf of the Wrongful Death Beneficiaries          PLAINTIFF

v.                CASE NO.:  6:21-CV-06022 RTD

QUAPAW BATHS, LLC d/b/a Quapaw Baths
& Spa; and SID KENNEDY                                      DEFENDANTS


## ANSWER

Comes Defendants, designated by Plaintiff as "Quapaw Baths, LLC d/b/a Quapaw Baths & Spa and Sid Kennedy" and for their Answer to the Complaint of the Plaintiff, state:

1. The allegations of Paragraph 1 are denied.

2. The allegations of Paragraph 2 are denied.

3. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 3, and therefore deny those allegations.

4. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 4, and therefore deny those allegations.

5. The allegations of Paragraph 5 are denied.

6. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 6, and therefore deny those allegations.

7. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 7, and therefore deny those allegations.

8. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 8, and therefore deny those allegations.

9. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 9, and therefore deny those allegations.

10. In response to Paragraph 10 the corporate status of the Quapaw Bath Defendants is a matter of public record and that record speaks for itself.

11. The allegations of Paragraph 11 are denied.

12. In response to Paragraph 12 the corporate status of the Quapaw Bath Defendants is a matter of public record and that record speaks for itself.

13. The allegations of Paragraph 13 are denied.

14. These Defendants have information about "Plaintiff's information and belief" and therefore deny Paragraph 14.

15. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 15, and therefore deny those allegations.

16. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 16, and therefore deny those allegations.

17. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 17, and therefore deny those allegations.

18. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 18, and therefore deny those allegations.

19. The allegations of Paragraph 19 are denied.

20. Paragraph 20, depending upon interpretation, is admitted.

21. These Defendants are without sufficient information to admit or

deny the allegations of Paragraph 21, and therefore deny those allegations.

22. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 22, and therefore deny those allegations.

23. The allegations of Paragraph 23 are denied.

24. In response to Paragraph 24, these Defendant adopt and reaffirm all matters pled by them in response to Paragraphs 1 through 23 above.

25. The allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are denied.

27. In response to Paragraph 27, these Defendants adopt and reaffirm all matters pled by them in response to Paragraphs 1 through 26 above.

28. In response to Paragraph 28, any duties or applicable law are exclusively to be interpreted by this Honorable Court and any allegations in Paragraph 28 inconsistent therewith are denied.

29. The allegations of Paragraph 29 are denied.

30. The allegations or Paragraph 30 are denied.

31. The allegations of Paragraph 31 are denied.

32. In response to "Paragraph 20", these Defendants adopt and reaffirm all matters pled by them in response to Paragraphs 1 through 31 above.

33. In response to Paragraph 21, any duties or applicable law are exclusively to be interpreted by this Honorable Court and any allegations in Paragraph 21 inconsistent therewith are denied.

34. The allegations of Paragraph 22 are denied.

35. The allegations of Paragraph 23 are denied.

36. In response to the mis-numbered Paragraph 24, these Defendants adopt and reaffirm all matters pled by them in response to previous Paragraphs.

37. In response to Paragraph 25, any duties or applicable law are exclusively to be interpreted by this Honorable Court and any allegations in Paragraph 25 inconsistent therewith are denied.

38. The allegations of Paragraph 26 are denied.

39. The allegations of Paragraph 27 are denied.

40. In response to the mis-numbered Paragraph 28, these Defendants adopt and reaffirm all matters pled by them in response to previous Paragraphs.

41. In response to Paragraph 29, any duties or applicable law are exclusively to be interpreted by this Honorable Court and any allegations in Paragraph 29 inconsistent therewith are denied.

42. The allegations of Paragraph 30 are denied.

43. The allegations of Paragraph 31 are denied.

44. The allegations of Paragraph 32 are denied.

45. The allegations of Paragraph 33 are denied.

46. The allegations of Paragraph 34 are denied.

47. The allegations of Paragraph 35 are denied.

48. The allegations of Paragraph 36 are denied.

49. The allegations of Paragraph 37 are denied.

50. The allegations of Paragraph 38 are denied.

51. The allegations of Paragraph 39 are denied.

52. The allegations of Paragraph 40 are denied.

53. The allegations of Paragraph 41 are denied.

54. The allegations of Paragraph 42 are denied.

55. In response to mis-numbered Paragraph 43, these Defendants adopt and reaffirm all matters pled by them in response to Paragraphs above.

56. The allegations of Paragraph 44 are denied.

57. The allegations of Paragraph 45 are denied.

58. The allegations of Paragraph 46 are denied.

59. The allegations of Paragraph 47 are denied.

60. The allegations of Paragraph 48 are denied.

61. The allegations of Paragraph 49 are denied.

62. In response to mis-numbered Paragraph 50, these Defendant adopt and reaffirm all matters pled by them in response to Paragraphs above.

63. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 51, and therefore deny those allegations.

64. In response to Paragraph 52, any duties or applicable law are exclusively to be interpreted by this Honorable Court and any allegations in Paragraph 52 inconsistent therewith are denied.

65. The allegations of Paragraph 53 are denied.

66. The allegations of Paragraph 54 are denied.

67. In response to mis-numbered Paragraph 55, these Defendants adopt and reaffirms all matters pled by them in response to Paragraphs above.

68. The allegations of Paragraph 56 are denied.

69. In response to mis-numbered Paragraph 57, these Defendants adopt

and reaffirm all matters pled by them in response to Paragraphs above.

70. The allegations of Paragraph 58 are denied.

71. The allegations of Paragraph 59 are denied.

72. Plaintiff's punitive damages claims are unconstitutional and should be dismissed for the following reasons:

    a. The Defendant is entitled to fair notice regarding the amount of a punitive damages award. Under current Arkansas law, the Defendant cannot receive fair notice regarding a punitive damages award.

    b. Arkansas law has not established a definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring the Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates Defendant's due process rights under the Fourteenth Amendment to the United States Constitution, and the corresponding, applicable due process provisions of the Arkansas Constitution. Further, Arkansas law does not require a trier-of-fact to discriminate between an economic harm and physical harm.

    c. An award of punitive damages violates Defendant's due process rights under the Fourteenth Amendment to the United States Constitution, and corresponding applicable due process provisions of the Arkansas Constitution, because it is neither

      subject to a predetermined limit nor a standard for determining any limit, such as a multiplier (ratio) of compensatory damages or a maximum amount.

d. An award of punitive damages violates Defendant's due process and equal protection rights that are guaranteed by the Fourteenth Amendment to the United States Constitution, and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as it is applied to this State by Amendment Fourteen of the United States Constitution, because: (1) a jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of insidiously discriminatory characteristics, including the corporate status of this Defendant; (2) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary, which cannot and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (3) is not subject to judicial review on the basis of objective standards; and (4) is not required to consider the character and degree of the alleged wrong.

e. An award of punitive damages under Arkansas law for the purposes of compensating the Plaintiff for elements of damage not otherwise recognized by Arkansas law violates the Defendant's due process rights guaranteed by the Fourteenth

Amendment to the United States Constitution, and by the corresponding applicable provisions of the Arkansas Constitution.

f. At a minimum, any award of punitive damages would constitute an unlawful taking of the Defendant's property under the United States Constitution and Arkansas' Constitution.

g. An award of punitive damages premised on the facts as alleged in Plaintiffs Complaint would necessarily be grossly excessive in relation to this State's legitimate interests in punishment and/or deterrence; it would therefore be arbitrary in nature and violative of the Defendant's due process rights for the reasons including, but not limited to, those stated herein.

h. Under current Arkansas law a trier-of-fact is not given sufficient guidelines as to how to determine the reprehensibility of the Defendant's conduct. This is prejudicial to the Defendant's legal rights because a trier-of-fact can award grossly excessive damages based on bias, or other inappropriate factors. In the alternative, the degree of reprehensibility of the Defendant's alleged conduct does not warrant, nor can it adequately support, any award for punitive damages. Submitting the issue of punitive damages to a trier-of-fact on the facts as alleged by the Plaintiff would be so likely to invite an award outside a constitutionally permissible range that this Court should dismiss Plaintiffs prayer

for punitive damages.

i. The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits the imposition of grossly excessive or arbitrary punishments on an alleged tortfeasor.

j. Unless a trier-of-fact is instructed that a Plaintiff is presumed to have been made whole by any compensatory damages award, an award of punitive damages would violate the Defendant's due process rights because it would subject the Defendant to an acute danger of deprivation of property. Further, there is no nexus with respect to the alleged tortious conduct of the Defendant and the specific harm allegedly suffered by the Plaintiff.

72. In response to mis-numbered Paragraph 60, these Defendants adopt and reaffirm all matters pled by them in response to Paragraphs above.

73. In response to Paragraph 61, these Defendants also requests a trial by jury.

74. In response to mis-numbered Paragraph 62, these Defendants adopt and reaffirm all matters pled by them in response to Paragraphs above.

75. In response to Paragraph 63, these Defendants plead that any right to amend the Complaint is governed by the applicable law and not subject to being "reserved."

76. All remaining allegations of the Complaint not specifically admitted herein are denied.

77. Any injuries or damages of the Plaintiff were proximately caused by the fault of others for whom these Defendants are not legally responsible.

WHEREFORE, Defendants, designated by Plaintiff as "Quapaw Baths, LLC d/b/a Quapaw Baths & Spa and Sid Kennedy" pray that the Complaint of the Plaintiff be dismissed, for their costs and for all other proper relief.

Respectfully submitted,

James M. Simpson, Ark. Bar No. 77125
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201-3522
501-370-1520 - Telephone
501-376-2147 - Facsimile
simpson@fridayfirm.com – Email

*Attorneys for Defendants*